UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OPTICSPLANET, INC.,<br>    Plaintiff<br><br>    v.<br><br>PBTT, INC.,<br>    Defendant | No. 25 CV 2623<br><br>Judge Jeremy C. Daniel |

### ORDER

OpticsPlanet's motion to dismiss PBTT's counterclaims [27] is denied. OpticsPlanet shall answer the counterclaim on or before January 6, 2026.

### STATEMENT

### Background and Procedural History

The following description of events underlying these claims is drawn from the complaint and presumed true for the purpose of resolving these motions. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). Defendant PBTT, Inc. ("PBTT"), a technology developer, works with manufacturers to produce products in the firearms, optics, aerospace, automotive, electronics, and oil and gas industries. (R. 23 ¶ 13.) Since March 2020, PBTT has used the trademark MAGNITE, (*id.* ¶ 14), which it registered with the United States Patent and Trademark Office in May 2020. (*Id.* ¶ 15). In October 2020, PBTT entered into an agreement with Plaintiff, OpticsPlanet, Inc. ("OpticsPlanet"), in which PBTT agreed to manufacture firearm parts according to specifications provided by OpticsPlanet. (*Id.* ¶¶ 27, 28.) The agreement indicates that PBTT granted OpticsPlanet the "limited, nonexclusive right and license to [PBTT]'s intellectual property, including, but not limited to, the patents, trademarks, copyrights, and intellectual property associated with any additional products ordered for [] [OpticsPlanet's] brand," though it does not explicitly speak to the MAGNITE mark. (*Id.* ¶ 29.)

In January 2025, PBTT requested that OpticsPlanet cease its use of the MAGNITE mark in marketing, including on OpticsPlanet's website. (*Id.* ¶ 34.) OpticsPlanet initially agreed in February 2025 but then notified PBTT via email that it would discontinue its relationship with PBTT, canceling all purchase orders except for those shipments ready for immediate shipment. (*Id.* ¶¶ 35, 36.) OpticsPlanet did not comply with the agreement's termination provisions, which required the terminating party

to provide the other party with written notice of non-renewal at least sixty days before the expiration of that term; that would have been October 2024. (*Id.* ¶¶ 38, 39.) Meanwhile, OpticsPlanet continued its use of the MAGNITE mark through the present. (*Id.* ¶¶ 41, 42.)

OpticsPlanet, an Illinois corporation, brought the above-named action against PBTT, formerly PowerUp, Inc. ("PowerUp"), and four individual defendants for breach of contract and Lanham Act violations. OpticsPlanet claimed that the corporate entity PowerUp was dissolved in the state of Michigan and that the individual defendants "continue[d] to operate PowerUp, Inc. dba PBTT without any corporate formality." (R. 3 ¶ 30.) The individual defendants moved to dismiss the claims against them for lack of personal jurisdiction and for failure to state a claim. At the November 19, 2025, evidentiary hearing regarding personal jurisdiction, the individual defendants presented documentation of PowerUp's domestication in Indiana (as PBTT) before its dissolution in Michigan. The Court dismissed the claims against the individual defendants, and PBTT substituted for PowerUp. (R. 36.)

Meanwhile, PBTT answered the complaint and filed counterclaims for breach of contract, trademark infringement, unfair competition, declaratory judgment, as well as state law claims for deceptive trade practices, common law unfair competition, and unjust enrichment. (*See* R. 23, *generally*.) OpticsPlanet moved to dismiss the counterclaims for failure to state a claim. (*See* R. 27, *generally*.)

## Legal Standard

A Rule 12(b)(6) motion tests whether the plaintiff has provided "enough factual information to state a claim to relief that is plausible on its face" and has raised a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (citing *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Dismissal is proper where "the allegations . . . , however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

## Analysis

OpticsPlanet first argues that PBTT's counterclaims should be dismissed because PBTT is not registered to do business in Illinois and thus cannot maintain a civil action per 805 ILCS 5/13.70. (R. 27 at 2.) PBTT correctly maintains that it is allowed to assert counterclaims because it is "defending itself in a lawsuit." (R. 29 at 2.) Under Illinois law, a "defendant [that] was impleaded in plaintiff's action [] could assert its claim that it was entitled to the impleaded funds, even though defendant had

2

conducted business in the State without a certificate of authority to do so." *Cox v. Doctor's Assocs., Inc.*, 613 N.E.2d 1306, 1313 (Ill. App. Ct. 1993) (citing *McLaughlin v. Rainville Co.*, 316 N.E.2d 819 (Ill. App. Ct. 1974)). To the extent this argument covers all counts in PBTT's counterclaim, the motion to dismiss is denied as to all.

Passing that threshold issue, OpticsPlanet next argues that the first sale doctrine precludes Count II, the trademark infringement claim, because OpticsPlanet purchased the trademarked goods prior to the termination of the agreement. (R. 27 at 2–3.) PBTT argues that it instead produced firearm parts for OpticsPlanet pursuant to OpticsPlanet's specifications for sale under OpticsPlanet's "TRYBE" brand, so the parts are not their own trademarked products.[1] (R. 29 at 3–5.) "A trademark owner's right under the Lanham Act to control distribution of its own products is limited by the 'first sale' doctrine . . . . Under the doctrine, '[o]nce a trademark owner sells his product, the buyer may resell the product under the original mark without incurring any trademark liability." *Hart v. Amazon.com, Inc.*, 191 F.Supp.3d 809, 817–18 (N.D. Ill. 2016) (citing *Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073, 1074 (9th Cir. 1995)).

But this is not a typical resale situation where one party has purchased the other's trademarked product and now seeks to sell that product to someone else. Rather, this case involves a party that asked a second party to manufacture a product using the second party's trademarked alloy. In other words, OpticsPlanet asked to incorporate the defendant's product into their own. The Seventh Circuit has not addressed a situation in which a buyer asks a seller to produce a good incorporating the seller's trademark, which the buyer then sells in the market. The Ninth Circuit has. *See Bluetooth SIG Inc. v. FCA US LLC*, 30 F.4th 870, 873 (9th Cir. 2022) ("the first sale doctrine applies when a mark is used to refer to a component incorporated into a new end product."). In *Bluetooth*, the Ninth Circuit explained that "in the context of incorporated products, how those conflicting purposes are reconciled will depend in some way on how a seller uses the mark of the incorporated product in connection with a new product." *Id.* at 874. This invites a factual inquiry as to whether the use of the mark is likely to confuse consumers. *See id.* Therefore, the Court denies OpticsPlanet's motion to dismiss Count II. Because the Court denies the motion to dismiss, it need not address PBTT's additional arguments regarding OpticsPlanet's alleged unilateral termination of the contract. (*See* R. 29 at 4–5.)

---

[1] An example of the use of the MAGNITE trademark in a product name on OpticsPlanet's website is "TRYBE Defense AR-15 Magnite Ultra Function Lightweight M-LOK." (*See* R. 23 at 26.)

Finally, in response to Count IV, OpticsPlanet argues that PBTT cannot lawfully own the MAGNITE trademark because it is a non-existent entity. (R. 27 at 3–4.) At the November 19, 2025, evidentiary hearing regarding personal jurisdiction, the Court heard and accepted evidence that PBTT was a domesticated corporation in Indiana as of March 7, 2023. Thus, OpticsPlanet's motion to dismiss is denied as to Count IV.

Date: December 15, 2026

                                                                              JEREMY C. DANIEL
                                                                              United States District Judge